4 ¢7



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable A. M. Turney
County Attorney
Brewster County
Alpine, Texas

Dear Sir:

Opinion No. O-1904
Re: Deputies of county officials.

Your recent request for an opinion of this department on the questions as are herein stated has been received.

We quote from your letter as follows:

"Recently when a new audit was made in this county, the auditor informed one of local officers that deputies should take their oath of office, each January. That is at the Commissioners Court meeting in Jan. of each year.

"Article 6869 provides for the sheriff appointing deputies. If a deputy were appointed in Jan. 1939, and took oath of office as such, under a sheriff, would he again have to appear before the commissioners court and take a new oath in Jan. of 1940?

"Also where the office of sheriff, Tax Assessor and Tax Collector is all in one office, can the head deputy as sheriff, and the head deputy as assessor collector be paid the maximum sum of $150.00 month each. That is can two men, when so serving, each be paid the maximum amount as allowed deputies. Article 3894, and Article 3883."

The population of Brewster County is less than ten thousand inhabitants and the county officials are compensated on a fee basis.

Article 6869, Vernon's Annotated Civil Statutes reads as follows:

"Sheriffs shall have the power, by writing, to appoint one or more deputies for their respective counties, to continue in office during the pleasure of the sheriff, who shall have power and authority to perform all the acts and duties of their principals; and every person so appointed shall, before he enters upon the duties of his office, take and subscribe to the official oath, which shall be indorsed on his appointment, together with the certificate of the officer administering the same; and such appointment and oath shall be recorded in the office of the County Clerk and deposited in said office. The number of deputies appointed by the sheriff of any one county shall be limited to not exceeding three in the Justice precinct in which is located the county site of such county, and one in each Justice precinct, and a list of these appointments shall be posted up in a conspicuous place in the Clerk's office. An indictment for a felony of any deputy sheriff appointed shall operate a revocation of his appointment as such deputy sheriff. Provided further, that if in the opinion of the Commissioners' Court fees of the sheriff's office are not sufficient to justify the payment of salaries of such deputies, the Commissioners' Court shall have the power to pay the same out of the General Fund of said county."

Article 3902, Vernon's Annotated Civil Statutes reads in part as follows:

"Whenever any district, county or precinct officer shall require the services of deputies, assistants or clerks in the performance of his duties he shall apply to the County Commissioners' Court of his county for authority to appoint such deputies, assistants or clerks, stating by sworn application the number needed, the position to be filled and the amount to be paid. Said application shall be accompanied by a statement showing the probable receipts from fees, commissions and compensation to be collected by

Hon. A. M. Turney, page 3

said office during the fiscal year and the pro-
bable disbursements which shall include all
salaries and expenses of said office; and said
court shall make its order authorizing the ap-
pointment of such deputies, assistants and clerks
and fix the compensation to be paid them within
the limitations herein prescribed and determine
the number to be appointed as in the discretion
of said court may be proper; provided that in no
case shall the Commissioners' Court or any mem-
ber thereof attempt to influence the appointment
of any person as deputy, assistant or clerk in
any office. Upon the entry of such order the
officers applying for such assistants, deputies
or clerks shall be authorized to appoint them;
provided that said compensation shall not ex-
ceed the maximum amount hereinafter set out.
The compensation which may be allowed to the
deputies, assistants or clerks above named for
their services shall be a reasonable one, not
to exceed the following amounts:

"1. In counties having a population of
twenty-five thousand (25,000) or less inhabi-
tants, first assistant or chief deputy not to
exceed Eighteen Hundred ($1800.00) Dollars per
annum; other assistants, deputies or clerks not
to exceed Fifteen Hundred ($1500.00) Dollars
per annum each."

Article 6869, supra, was last amended by Acts of
the 41st Legislature, 1st C. S. 1929. Article 3902, supra,
was also amended by the 41st Legislature at the 1st Called
Session and again amended by the 42nd Legislature, 43rd
Legislature and the 45th Legislature.

It is noted that the last enactment by the Legis-
lature does not expressly repeal Article 6869, however the
two statutes, namely Article 6869 and Article 3902, under
consideration herein, are in pari materia and their provi-
sions in such respect cannot be reconciled. In such cir-
cumstances, "the older statute will be held to be repealed
by implication to the extent of the conflict . . . It is
presumed that the Legislature intended to repeal all laws
and parts of laws clearly inconsistent with its later acts".
39 Tex. Juris. p.145, sec. 77.

The appointment of deputies, assistants and clerks by certain officers is specifically authorized by the statutes. Under the general statutory law, county officers coming within the provisions of the maximum fee law are required to apply to the Commissioners' Court for authority to appoint deputies, assistants or clerks, and such court may make an order authorizing their appointment, determine the number to be appointed, and fix the compensation to be paid them within certain prescribed limits. Prior to the enactment of the general statute county officers determined for themselves the question of employing deputies, and made contracts for their compensation, but now the Commissioners' Court determines the necessity for employing such deputies, the number, and their compensation. The authority thus conferred upon the Commissioners' Court to assist in the appointment of deputies can be exercised only in the manner prescribed. When the statutory requirements are not complied with, the appointment of a deputy is void, and he may be ousted through quo warranto proceedings. See Tex. Juris. Vol. 34, p. 602.

The constitutional provision limiting the term of officers to two years applys to deputies who are themselves officers, but not to deputies who are not officers. The appointment of a deputy who is not within the constitutional provision, and which is not for any particular duration of time, is co-extensive in duration with the tenure of the officer appointing him, and, unless sooner removed, he holds until the expiration of the officer's term, and ceases to hold at that time unless he is reappointed. Tex. Juris. Vol. 34, p.604.

Deputy sheriffs are public officers. Murray vs. State. 47 S.W. (2d) 274, Tex. Juris. Vol. 34, p.601.

Article 16 of Vernon's Annotated Civil Statutes reads as follows:

"Each officer in this state, whether elected or appointed, shall, before entering upon the duties of his office, take and subscribe the oath prescribed by Article 16, Sec. 1, of the Constitution of this state; and if he shall be required by law to give an official bond, said oath shall be filed with said bond."

The Constitution provides that the duration of all offices not fixed thereby shall never exceed two years. But it also expressly fixes the terms of certain specified offices at from two to six years, and it authorizes the Legislature to fix the terms of certain other officers and members of certain boards at not exceeding six years. The first of these constitutional provisions (Art. 16, Sec. 30) fixes the terms of all officers at two years where they are not otherwise fixed by the constitution or by a statute or municipal ordinance.

There is no statute requiring deputies to take the oath of office each January, the only requirement being that such officer, whether elected or appointed, shall, before entering upon the duties of his office, take and subscribe the oath prescribed by law.

In answer to your first question you are respectfully advised that it is the opinion of this department that when a deputy sheriff is appointed and takes and subscribes to the oath prescribed by law before entering upon the duties of his office he is not required to take the oath of office each January but the first oath taken is sufficient during the term of his principal. However, such deputy would be required to take and subscribe the oath of office prescribed by law when reappointed by his principal when such principal was reelected or if reappointed under a new principal.

Your second question has been answered by this department in Opinion No. O-91, which holds that in counties having a population of less than ten thousand inhabitants the sheriff and assessor and collector of taxes is entitled, under Article 3902 to only one chief deputy at a salary of $1800.00 per annum.

We enclose a copy of Opinion No. O-91 for your information and convenience.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_
　　　Ardell Williams
　　　　Assistant

APPROVED FEB 7, 1940

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

AW:jm

Encl.

APPROVED
OPINION
COMMITTEE
BY B
CHAIR